UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Cause No.  4:08-cr-01-01-RLY-MGN |
| ) | |
| LEO T. STEIN, ) | |
| ) | |
| Defendant ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Richard L. Young, U.S. District Court Judge, on April 21, 2010, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on April 19, 2010, and to submit to Chief Judge Young proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e) and (g).  All proceedings were held on April 22, 2010, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583. The defendant, Leo T. Stein, appeared in person with his appointed counsel, Jennifer H. Culotta.  The government appeared by Susan Dowd, Assistant United States Attorney.  U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1.  On April 22, 2010, Jennifer H. Culotta was present for the initial hearing and was appointed by the Court to represent Mr. Stein regarding the pending Petition on Offender Under Supervision.

1

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Stein and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Stein was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Stein was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Stein was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Stein was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Stein had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Chief Judge Young's designation entered on April 21, 2010.

7. Mr. Stein, by counsel, stated his readiness to waive the preliminary examination and to proceed with the revocation hearing.   Mr. Stein then waived, in writing, the preliminary hearing.

8. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

9. The parties stipulated the following in open Court:

(a) As to Violation Numbers 1 through 3 of the Petition for Offender Under Supervision, the defendant admitted in open Court that he had violated these conditions.

(b) The parties, by agreement, stipulated that the defendant's supervised release would be revoked and the defendant would serve ten (10) months imprisonment.

(c) Upon completion of his term of imprisonment, Defendant would be returned to supervised release for fourteen (14) months under the same terms and conditions previously imposed, as well as the following additional condition: The defendant shall not possess or consume any alcoholic beverages.

(d) The defendant would be released from the custody of the United States Marshal and placed on home incarceration wherein he should be monitored by the probation officer without any devices until he surrenders to the Bureau of Prisons for service of his term of imprisonment. The defendant should be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court-ordered obligations; or other activities as pre-approved by the probation officer. The previously ordered terms of supervised release, along with the additional condition of supervised release wherein the defendant should not possess or consume any alcoholic beverages, would be imposed pending the defendant's surrender to the Bureau of Prisons.

10. The Court then proceeded to a revocation hearing upon the allegations of alleged violations of the Terms of Supervised Release, particularly as set out in Violation Numbers 1 through 3 of said Petition. The Court placed Mr. Stein under oath and inquired of him whether

he admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mr. Stein admitted the violations contained in Violation Numbers 1 through 3. The Court specifically inquired of Mr. Stein whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Stein that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Stein answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 through 3. The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** |
| 3 | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |
| | On April 4, 2010, the offender was arrested for operating while intoxicated in Jeffersonville, Indiana. He was charged with Counts 1 and 2, Operating While Intoxicated as misdemeanors; and Count 3, Operating While Intoxicated as a felony, in Clark County, Indiana, Superior Court, under docket number 10D03-1004-FD-318. The offender posted bond on April 5, 2010. |
| | On April 13, 2010, the offender reported to a scheduled office meeting. He failed to mention his arrest until prompted as he was departing the office. The offender admitted drinking "about nine" beers at a local bar and restaurant. When asked if he consciously knew he was intoxicated and should not operate a vehicle he replied, "Yeah." |

    11. Based on the information available to the Court, the Court further finds the

4

following:

(1) Mr. Stein has a relevant criminal history category of I.  *See,* U.S.S.G. §7B1.4(a).

(2) The most serious grade of violation committed by Mr. Stein constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(3) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Stein is 4-10 months.

(4) The appropriate disposition for Mr. Stein's violation of the conditions of supervised release is as follows:

(a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months.

(b) Upon release from confinement, the Defendant shall be returned to supervised release for a term of fourteen (14) months under the same terms and conditions previously imposed, as well as the following additional condition: The defendant shall not possess or consume any alcoholic beverages.

(c)  The defendant shall be released from the custody of the United States Marshal and placed on home incarceration wherein he shall be monitored by the probation officer without any devices until he surrenders to the Bureau of Prisons for service of his term of imprisonment.  The defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court-ordered obligations; or other activities as pre-approved by the probation officer. The previously ordered terms of supervised release, along with the additional condition of supervised release wherein the defendant shall not possess or

5

consume any alcoholic beverages, shall be imposed pending the defendant's surrender to the Bureau of Prisons.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 through 3 of the Petition.  The defendant's supervised release is hereby **REVOKED,** and Mr. Stein shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months followed by fourteen (14) months of supervised release with the same terms and conditions previously imposed, as well as the following additional condition:  The defendant shall not possess or consume any alcoholic beverages. The Court further recommends that the defendant shall be released from the custody of the United States Marshal and placed on home incarceration wherein he shall be monitored by the probation officer without any devices until he surrenders to the Bureau of Prisons for service of his term of imprisonment.  The defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court-ordered obligations; or other activities as pre-approved by the probation officer. The previously ordered terms of supervised release, along with the additional condition of supervised release wherein the defendant shall not possess or consume any alcoholic beverages, shall be imposed pending the defendant's surrender to the Bureau of Prisons.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. Stein's supervised release.

**IT IS SO RECOMMENDED** this  23rd  day of April, 2010.

_____
Michael G. Naville, Magistrate Judge
United States District Court

Distribution:

Susan Dowd
UNITED STATES ATTORNEY'S OFFICE
susan.dowd@usdoj.gov

Jennifer Culotta
CULOTTA & CULOTTA LLP
jennifer@culottalaw.com

U.S. Marshal

U.S. Probation Office